J. W. LEWIS et al., Respondents, v. A. B. FISHER, Appellant.

St. Louis Court of Appeals, November 12, 1912.

1. APPELLATE PRACTICE: Conclusiveness of Findings of Fact. Findings of fact by the trial court in an action at law, on conflicting testimony, are conclusive on appeal.

2. PRINCIPAL AND AGENT: Liability of Agent: Concealment of Agency. An agent who conceals the fact of his agency and contracts as the ostensible principal, is liable on the contract in the same manner and to the same extent as though he were the real principal.

3. CORPORATIONS: Promoter's Contracts: Liability of Promoter: Partnership. Where persons associate together for the purpose of forming a corporation, and one or more of them contracts with a third person, in advance of the formation of the corporation, such person or persons may be held liable to respond on the contract as if they were partners.

Appeal from New Madrid Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*Brown & Gallivan* for appellant.

*Henry C. Riley* for respondents.

As the New Madrid Cooperage Company was not a corporation at the time the contract was made with the plaintiffs for the purchase of the logs, the defendant is liable even though he acted as the agent of the New Madrid Cooperage Company in buying said logs. Furniture Co. v. Crawford, 127 Mo. 365; Lapsley v. McKinstry, 38 Mo. 245; Heath v. Goslin, 80 Mo. 317.

NORTONI, J.—This is a suit for the purchase price of certain saw timber sold by plaintiffs to defendant. The finding and judgment were for plaintiffs and defendant prosecutes the appeal. Though

the sufficiency of the petition is challenged, the point may be dismissed without comment except to say that it is obviously good after verdict.

Plaintiffs are partners and the testimony tends to prove that they sold and delivered to defendant 204 saw logs under an agreement whereby they were to receive nine dollars per thousand feet for cypress and ash and six dollars per thousand feet for other timber. Eighty-six of the logs delivered were of ash and cypress and contained about 200 feet per log, that is to say about $154.80 worth of timber. One hundred and eighteen logs, averaging about 200 feet each, consisted of timber other than cypress and ash, and under the contract were valued at six dollars per thousand, or a total of $141. The value of the entire lot of timber delivered to defendant, according to plaintiffs' evidence, appears to have been $296.40. On this defendant paid $150, and the suit proceeds for the balance due. However, the recovery allowed was for $109.35 only.

There is no controversy in the case concerning the fact that plaintiffs delivered the logs and were to receive compensation therefor, as above stated; but defendant contends that he is not personally liable therefor because the purchase was made by him as the agent of the New Madrid Cooperage Company and of this fact the plaintiffs were fully advised at the time. Touching this matter, the evidence for plaintiffs tends to prove that the sale was made directly to defendant as though he were dealing for himself and that no mention whatever was made of the New Madrid Cooperage Company. It is true defendant testified that he stated to plaintiffs he was purchasing the timber for the New Madrid Cooperage Company, but plaintiffs insist to the contrary. Lewis, one of the plaintiffs who negotiated the sale with defendant, testified in direct terms, in speaking of defendant at the time the contract was made, "He didn't say anything to me about the cooperage company." It is urged the judgment

should be reversed for the reason it appears defendant acted as agent only and disclosed his principal at the time the purchase was made. Obviously this argument is without merit, for, as said, the evidence on the part of plaintiffs is plain and direct to the contrary. The question was one of fact for the court who tried the issue, and in view of the controversy about it, and the evidence pro and con thereon, it is precluded here from review.

If there were instructions given in the case, they are not contained in the abstract before us, and no question is raised as to the rules of law stated therein. No one can doubt that an agent who conceals the fact of his agency and contracts as the ostensible principal is liable to respond on the contract in the same manner and to the same extent as though he were the real principal in interest. [See Mecham, Agency, sec. 554.] As the court found the issue for plaintiffs on contradictory testimony, the matter in judgment must be viewed here as if defendant purchased the logs as the ostensible principal and without disclosing his agency, in which event liability may, of course, be enforced against him personally on the contract.

However, defendant is liable, according to his own testimony, on another principle of law which the facts invoke. Defendant testified that the New Madrid Cooperage Company, a corporation for which he claimed to act as agent, was not yet organized or incorporated at the time the contract of purchase was made. He said the preliminary arrangements had been made for incorporating the company and that he purchased the logs from plaintiffs for the corporation to be thereafter chartered. He says, too, that he was one of the persons engaged in promoting and organizing the cooperage company, and it appears that he owned a majority of the stock of the concern when it finally came into existence. The law is abundantly settled that where persons associate together with the purpose of

forming a corporation, and one or more of them contracts for the corporation with a third person, in advance of the formation of the corporation, such person or persons may be held liable to respond on the contract as if they were partners. This alone is sufficient to sustain the judgment. [See Furniture, etc., Co. v. Crawford, 127 Mo. 356, 30 S. W. 163.] On defendant's testimony, he may be held liable for the balance due on the contract of purchase, as it appears he, as one of the incorporators, contracted for and in the interest of a corporation not yet formed.

We find nothing further in the record worthy of discussion in the opinion, and the judgment should therefore be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.